KING, Plaintiff in Error, v. HOWARD *et al.*, Defendants in Error.

1. Where a tenant in common in lands conveys his share to one of his co-tenants, he can not have the same partitioned and set apart to him for any purpose.
2. An agreement to refer a matter in dispute to arbitrators can not be specifically enforced.

*Error to St. Louis Land Court.*

The plaintiff, Virginia King, sets forth in her petition that she inherited from her mother Genevieve Howard an interest of one-eighth in a certain lot in the city of St. Louis ; that she was entitled to one-eighth on the 28th of August, 1846, and the other children respectively one-eighth ; that on said 28th of August, 1846, " she was induced to make an arrangement with the defendant, Louis Howard, by which she conveyed to him her interest in said lot for the sum of $600, with the agreement on his part that when her said interest should be ascertained by partition it should be valued by appraisers—one to be selected by each—and on their failing to agree that they should choose a third person, who, in connection with themselves, should appraise and estimate the value of her said ascertained interest, and if its value as ascertained should exceed the said $600, said excess should be paid by the said Louis Howard to the said plaintiff, and if it should fall short of the said $600 plaintiff was to pay him the difference ; all of which is evidenced by his agreement under seal and duly recorded, herewith filed, marked C, which is a lien or mortgage on her said interest for the faithful fulfilment thereof. Plaintiff states that the said Louis Howard has not, nor has any one else, caused a partition to be made of said lot among the owners thereof, whereby the interest of said plaintiff was separated and identified for the purpose aforesaid, although more than ten years have elapsed since the date of said agreement, and although the said plaintiff has frequently requested him to have a partition made for said purposes. Plaintiff applied to the defendant to have said partition made, which he refused to do. Plaintiff therefore prays that your honor, on a full hearing of the matters herein set forth and alleged, will grant a decree that the interest to which the plaintiff was entitled in said lot at the date of said deed and agreement, to-wit, one-eighth, be partitioned, separated and located by metes and bounds for the purpose of ascertaining its value in the manner set forth in

said agreement, and in such manner as shall be most equitable and just with all parties, saving and protecting the rights of the plaintiff; and that commissioners be appointed for that purpose. Plaintiff also prays that your honor will cause to be appointed appraisers to value said interest, after it has been ascertained, in case of the refusal or delay of the said defendant Louis Howard to make a selection on his part, and all and such other relief," &c.

The defendants demurred to this petition. The demurrer was overruled. The defendants then answered, averring that partition had been made; that plaintiff's interest had been set apart to Louis Howard. Evidence was introduced tending to show a verbal partition as alleged. The cause was submitted to the court without a jury. The court, at the instance of the plaintiff, gave the following instruction, or declaration of law: "If the court find from the evidence that there has been no partition according to law of the real estate to which the plaintiff was a party, or in which she afterwards acquiesced, then the plaintiff is entitled to recover her interest in the estate of her mother, Genevieve Brazeau, deceased, subject to the conditions of the agreement made between herself and the defendant." The court gave the following declaration of the law at the instance of defendants: "The court declares the law to be that if it has been established by the evidence that partition of the premises in the amended petition described was made among the heirs of Genevieve Howard (or Brazeau) plaintiff can not recover in this action."

The court gave judgment for the defendants.

*Morehead* and *Shreve*, for plaintiff in error.

*Garesché*, for defendants in error.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff does not ask to recover damages for the breach of a contract, but the suit is in the nature of a proceeding in equity, in which the plaintiff seeks the specific

performance of an agreement for partition of a piece of land, not as an end with the view that the interest of the respective parties may be severally enjoyed by them when set apart, but as preliminary to another purpose, and also to enforce an agreement made by the plaintiff and Louis Howard to submit a question between them to arbitration. Neither of these objects can be attained in the manner proposed by the plaintiff.

It appears that Genevieve Howard died seized of a parcel of land in block number forty-three in the city of St. Louis, which descended at her death to the plaintiff and her other children, in which the plaintiff claimed an interest of one-eighth. On the 28th day of August, 1846, the plaintiff, in consideration of six hundred dollars, which she received, conveyed to her brother, the defendant Louis Howard, by deed duly acknowledged and recorded, all her interest in said block, and in any real estate lying east of said block and west of the Mississippi river, between Lombard and Mulberry streets extended to the river. An agreement under seal was executed by the plaintiff and Louis Howard on the same day, which recites that the plaintiff for six hundred dollars had conveyed by deed to said Howard all her interest in said block and the land east of it to the river, and that as no partition of the real estate had been made between the heirs of Genevieve Howard, the parties mutually covenanted that when partition should be made between the heirs and legal representatives of their mother, according to law, that two appraisers should be chosen, one by each party, to appraise and value the portion allotted to the plaintiff or her assigns, and if the two appraisers to be so appointed should not agree on their estimate, they were to appoint a third person to act as umpire, whose decision should be final. It was further agreed that if the portion allotted to the plaintiff should be valued at a sum less than six hundred dollars, then she should pay to Louis Howard the difference between the appraised value and that sum; but should the appraisement of the share exceed six hundred dollars, Louis Howard was to pay her the overplus.

It is manifest that the parties to this contract traded on an approximate estimate of the value of the plaintiff's share, and contemplated another and more satisfactory valuation, to be ascertained when the property should be partitioned by legal proceedings, and the respective interests of each of the heirs set apart. They however mistook the law, for the deed conveyed the absolute title to Louis Howard of all the plaintiff's interest, and the contemporaneous agreement was a mere personal contract, so that in any partition that could be made no portion of the land, for the purpose of being valued, or for any other purpose, could be assigned to the plaintiff, but the interest which she had inherited would necessarily be set off to Louis Howard, and would not be distinguished from any other interest he had. No such partition then as the parties had in view was practicable in a direct proceeding, and it is not perceived how it can be made now in this one. The structure of the body of the petition, as well as the prayer, shows that partition of the land was not asked for as an end, but as a means of getting at something else; and if it was otherwise proper and could be made, the court would not order it for a temporary object, merely for the purpose of laying the groundwork for another suit and to go for nothing as soon as the suit was ended.

The agreement that each of the parties should select an appraiser to value the portion to be set off to the plaintiff can not be specifically enforced. (2 Sto. Eq. § 1457.) Lord Eldon said, in Street v. Rigby, 6 Ves. 815, that no instance is to be found of a decree for specific performance of an agreement to name arbitrators; and Mr. Justice Story, in Tobey v. The County of Bristol, 3 Sto. 800, notices the authorities, and in a lucid opinion states as his conclusion that an agreement to refer to arbitration can neither be set up as a bar to a suit at law or in equity. Nor can it be enforced in a court of equity when either party as plaintiff seeks it. An agreement for arbitration is, in its nature, revocable, and, though an award when made will be enforced, parties will not be compelled to submit a controversy to arbitrators, nor

will they be compelled to perform an agreement for that purpose after they have made it. How could the court compel the parties to select appraisers? and if even the parties selected them, the court could not require the appraisers to select a third person to act as umpire in the event of their disagreement; and if either party should refuse to name an appraiser, the court has no authority to appoint or substitute any other person. (Agar v. Macklew, 2 Sim. & Stuart, 418.) The plaintiff has mistaken her remedy, which, as we have seen, is not of the nature of a proceeding in equity, but must be obtained by the assignment of proper breaches of the *covenants* contained in the agreement. The other judges concurring, the judgment will be affirmed.