## Bigley *versus* Risher & Wilson.

1. In an action for the price of a boat laden with coal, it appeared that there had been no actual delivery or possession taken by the alleged vendee and there was no specification of price. *Held*, that there was no sale.

2. Sale means a contract to pass rights of property for money, which the buyer pays or promises to pay to the seller for the thing bought.

November 5th 1869. Before THOMPSON, C. J., REED, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county :* No. 37, to October and November Term 1869.

This was an action of assumpsit brought to July Term 1868 by Ithamar D. Risher and Joseph Wilson, partners as Risher & Wilson, against Nicholas J. Bigley. The plaintiffs declared in all the common counts. Their claim was for a boat and cargo of coal. The boat was lying at the plaintiffs' works on the Monongahela river; and remained in the possession of the plaintiffs. After the alleged sale there was a break up of the ice in the river, which carried the boat away from its moorings :—it was wrecked and both boat and cargo were lost. The questions which were considered in the court below were, whether there was a contract of sale ; whether there was a delivery, and whether there was negligence in the plaintiffs in their care of the boat. The plaintiffs gave evidence by John C. Risher, a brother of one of the plaintiffs, that after he heard of the accident he went to the defendant's office and informed him of it ; he said to witness " go on up and do what I could ; that he considered the boat his ; that he had bought it of my brother."

[Bigley *v.* Risher.]

At a conversation some weeks afterwards, the plaintiff Risher said to defendant he had come to know, whether in case . plaintiff should raise the boat, defendant would pay the balance; defendant said he did not wish to be identified with the boat, but did not care to give him a little, a few hundred dollars; said it was a pity he had not taken the boat away before the accident; " according to what I understood was the agreement, it would have saved all this trouble."

William O'Neill testified, that defendant said to him after the accident, that he had bought the boat and if she was properly tied he expected to pay for her.

For defendant, John Musgrove, defendant's clerk, testified, that some time before the accident Risher came to the defendant to sell the boat; defendant asked Risher what he wanted for the boat. Risher asked what he would give; defendant wanted Risher to name figures; Risher said he would let him know in a day or two what the figures would be, and left. Risher and defendant were next together about the boat at the time spoken of by J. C. Risher. Witness testified to what took place then somewhat different from Risher. There was other evidence bearing upon the question of sale, but none showing that any price had been agreed on. There was much evidence as to delivery, but it was undisputed, that no *actual* delivery of the boat was made to the defendant and that he never took possession of it.

The first point of the defendant with its answer is as follows:—

" The evidence does not show any such concluded bargain or contract between the parties as passed the title to the defendant to the boat in controversy."

" Refused. We leave this as a question of fact to be passed upon and determined by the jury."

The court, Kirkpatrick, J., amongst other things charged:—

* * * "Was there a sale of this boat from the plaintiffs to the defendant? If so, was there also a delivery such as the law requires of the articles from the buyer to the seller? Both are requisites. It would seem to be conceded—but this is for you— there was a sale. The plaintiffs have given you their version of it, the defendant his. The plaintiffs claim that thus and so were the conditions of the sale, whilst the defendant claims that it was something else. Do they agree substantially, and if not, wherein do they differ, and are the differences material and vital?

" If these differences in allegation and proof are reconcilable, you must reconcile them. If irreconcilable, you must receive and believe what in your conscientious judgment is entitled to belief, and reject whatever and all else that does not so commend itself. As already intimated, you are 'a law unto yourselves,' answerable only to your own consciences for all and whatever you may regard as false, or receive as true, in this case."

[Bigley *v.* Risher.]

"Again: the plaintiffs claim that they not only sold, but delivered the boat to the defendant. The defendant asserts that they did not. * * *

"We tell you simply what is necessary to be done in order to constitute a good and sufficient delivery in law: it is for you to say whether or not these things have been done, and all these essentials complied with. If they have, in your judgment, then there was a delivery, and your verdict must be for the plaintiffs; if not, your verdict must be for the defendant. In so determining, gentlemen, you must, however, go a step further and consider the character of the article to be delivered. A man could not deliver a ship at sea as easily as a wagon upon land. Nor could one deliver timber standing upon his farm with the same care and completeness, so to speak, that he could deliver a horse in his stable. You must, in determining the question whether all was done that could be done, take into consideration the nature, character and bulk of the article, bearing further in mind that these plaintiffs were not bound—nor is it so contended—to remove the boat, or take it elsewhere than where it was lying at the time of the sale. In other words, it is not contended that the plaintiffs were bound to take this boat anywhere in order to give the defendant possession; and, hence, the only question for your determination will be, did they do all they could have done to give possession of her as she there lay, or was there anything else in your judgment that they should have done in order to accomplish a perfect delivery. If they left anything undone which, in your conscientious opinion, they ought to have done, there was no delivery in law, and we so instruct you, and they cannot recover; but if they did all that could have been required of them, upon an examination of all the circumstances, and taking into consideration the nature, character, bulk, condition and location of the boat, then they are entitled to recover, and your verdict will be for them in such amount as the evidence in the case warrants. This we instruct you is the true test of delivery, and by this test you will determine in this regard and the particular facts of this case." * * *

The verdict was for the plaintiffs for $2508.

The defendant took a writ of error and assigned for error (amongst others) the portions of the charge given above and the answer to the defendant's first point.

*M. W. Acheson,* for plaintiff in error.—The question was whether there was a sale. The court assumed in part of the charge that this was conceded and in others that it was in dispute, and thus left the jury at loss; this was error: Selin *v.* Snyder, 11 S. & R. 319. The price was not ascertained and therefore there was no sale: Nicholson *v.* Taylor, 7 Casey 128. A sale is not com-

[Bigley *v.* Risher.]

plete if anything remains to be done: Story on Sales, sect. 296, 297; Zagur *v.* Campbell, 4 Campbell 240; Wallace *v.* Brees, 13 East 522: Nesbit *v.* Burry, 1 Casey 208.

*R. & S. Woods,* for defendants in error.

The opinion of the court was delivered, November 11th 1869, by

READ, J.—The leading case, in Pennsylvania, as to what constitutes a complete sale of a chattel, as between the parties, is Scott *v.* Wells, 6 W. & S. 357, in which the law is clearly laid down, in the charge of Judge Jones to the jury, and in the opinion of Chief Justice Gibson. "I grant," says Chief Justice Gibson, "that a sale may be fatally defective in its members; and that by the civil, as well as the common law, the specification of a price is necessary to constitute it."

In the case before us, there was no actual delivery to and possession of, the coal-boat taken by the defendant, and no specification of the price is to be found anywhere in the evidence. "We did not prove the price," say the plaintiffs' counsel, and the boat lying in the plaintiffs' harbor, and in his custody, from which it had not been removed, was swept away and lost before this essential member, the price, was fixed or specified.

It is clear from the judge's charge, and his refusal of the defendant's first point, that he considered there was a sale concluded, and that the only question was, was there a delivery? "It would seem to be conceded—but this is for you—there was a sale." This was not conceded by the defendant, but denied, and yet the charge proceeds upon this hypothesis. There was a fatal defect in this so called sale, there was no price, and so the court should have informed the jury. They should have said if there is no price specified and proved, there is no sale.

"Sale," said Mr. Justice Wayne in Williamson *v.* Berry, 8 How. 544, "is a word of precise legal import in law and in equity. It means at all times, a contract between parties to pass rights of property for money which the buyer pays or promises to pay to the seller, for the thing bought and sold." Huthmacher *v.* Harris' Administrator, 2 Wright 498; 1 Harris 148; Hilliard's Law of Sales of Personal Property, p. 1230.

The evidence does not show any such concluded bargain or contract between the parties, as passed the title to the boat and coal in controversy to the defendant.

Judgment reversed and *venire de novo* awarded.