J. E. BALES, Appellant, v. C. H. GILBERT, Respondent.

**Kansas City Court of Appeals, June 11, 1900.**

1. **Arbitration and Award:** OUSTING COURTS OF JURISDICTION: FIXING AMOUNTS. Agreements submitting future controversies to arbitration to the exclusion of the courts are invalid, but agreements for a mode of ascertaining the amount which may come into dispute are valid.

2.  ———: SPECIFIC PERFORMANCE: SALE: FIXING PRICE.
An agreement to arbitrate can not be specifically enforced and an
executory contract of sale with the price to be fixed by arbitrators
fails, if no price is fixed.

3.  ———: LANDLORD AND TENANT: FIXING PRICE OF BUILD-
INGS. If a tenant erects buildings under a contract that the land-
lord will purchase at a price to be fixed by arbitrators and the ar-
bitration fails without tenant's substantial fault, the court will
fix the value.

4.  ———: ———: ———: INSTRUCTIONS. Under such contract
the tenant should fairly endeavor to carry out the arbitration be-
fore resorting to the courts, and an instruction that the mere fact
that there had been no arbitration justified such resort, is reversible
error.

Appeal from the Jackson Circuit Court.—*Hon. James
Gibson*, Judge.

REVERSED AND REMANDED.

*A. S. Marley* for appellant.

(1) ' Until the price is fixed the contract can not be en-
forced. The price being an essential ingredient. King v.
Howard, 27 Mo. 25; St. Louis v. Gas Co., 70 Mo. 103, and
citations; Biddle v. McDonough, 15 Mo. App. 540; Agar v.
Macklew, 2 Sim. & S. 418; Morgan v. Millman, 3 De G. M.
& G. 24; Baker v. Glass, 6 Munf. 218; Thumald v. Bal-
birnie, 2 M. & W. 789; Darby v. Whittaker, 4 Drewry 140;
Wilkie v. Davis, 3 Mer. 507; Graham v. Call, 5 Munf. 396;
Scott v. Liverpoole, 3 De G. & J. 334; Fuller v. Bean, 34
N. H. 304; Hutton v. Moore, 26 Ark. 382. (2) Under a
contract whereby the price is to be fixed by appraisers, the
failure of the appraisers appointed by the parties to agree,
will not give defendant right of action against plaintiff. St.
Louis v. Gas Co., 70 Mo. 69, and citations; Biddle v. Mc-
Donough, 15 Mo. App. 532; City of Providence v. Lodge,
2 R. I. 46; Milnes v. Gerry, 14 Ves. Jr. 400; Cooth v. Jack-

son, 6 Ves. Jr. 12. (3) Especially is this so where plaintiff is not in default and has not obstructed the performance of contract. Biddle v. McDonough, 15 Mo. App. 532; Strohmaier v. Zeppenfeld, 3 Mo. App. 429; Cooth v. Jackson, 6 Vesey Jr. 34; Morse v. Merest, 6 Mad. 27. (4) Gilbert was first in default and has no standing against Bales. Doyle v. Turpin, 57 Mo. App. 87; Felix v. Bevington, 52 Mo. App. 403. (5) Gilbert by refusing to go on with agreement to submit to values put it out of the power of Bales to perform and thereby discharged Bales. Doyle v. Turpin, 57 Mo. App. 84; Little v. Mercer, 9 Mo. 218; Jarrell v. Farris, 6 Mo. 159; Kleine v. Catara, 2 Gallis 74; Shaw v. Hurd, 3 Bibb. 372; Marshall v. Craig, 1 Bibb. 379; Seaman v. Paddock, 55 Mo. App. 296.

*Robert Adams* and *E. E. Steele* for respondent.

(1) The contract, that if the parties could not agree upon the price to be paid for the barns, they were to leave it to disinterested parties, does not bar a suit at law or oust the courts of jurisdiction, to determine the value. Ins. Co. v. Morse, 20 Wall. 445, 452; Calliman v. Railway, 27 N. W. Rep. 718; Oakwood retreat Ass'n v. Rathborn, 26 N. W. Rep. 742-744 and note 2 page 745; March v. Railway, 77 Am. Dec. 732-741; Allegre v. Maryland Ins. Co., 14 Am. Dec. 289; Robinson v. Ins. Co., 35 Am. Dec. 239; Perkins v. Electric Light Co., 16 Fed. Rep. 513. To the same effect are our own decisions. King v. Howard, 27 Mo. 21; Biddle v. Ramsey, 52 Mo. 153, 159-160; Hug v. Van Burkleo, 58 Mo. 203; Leonard v. Cox, 64 Mo. 32-34; Arnot v. Alexander, 44 Mo. 25; Black v. Rogers, 75 Mo. 441; Strohmaier v. Zeppenfeld, 3 Mo. App. 429. (2) There was no provision in the agreement as to the number of arbitrators or the mode of their appointment and respondent was not bound to submit the price he was to receive, to arbitration. Mark

v. Ins. Co., 24 Hun. 565.   Appellant, by commencing suit
for the rent before an award, waived his advantage given
him by his agreement in this regard, if any he had.   Peters
v. Crary, 6 Dana (Ky.) 307; Kimball v. Gilmore, 60 N.
H. 54.

ELLISON, J.—Plaintiff purchased of Mrs. Gilbert
eighty acres of land.   This defendant was in possession as
tenant and he attorned to plaintiff.   Defendant had con-
structed improvements on the premises in the way of one or
more barns, which he had the privilege of removing at the
end of his term.

Plaintiff and Mrs. Gilbert therefore agreed in the con-
tract of sale:  "Second party further agrees to purchase the
barn buildings now on the property he is purchasing, which
belong to the present tenant, C. H. Gilbert, at a price to be
agreed upon by the parties; in case they can not agree, they
are to leave it to disinterested parties."

We leave out of view the question raised whether this
agreement enured to defendant's benefit since plaintiff and
he accepted and acted upon it and each appointed an arbi-
trator who failed to come to any conclusion.   Both charge
the other with being the cause of the failure of the arbitra-
tion.   In this situation, plaintiff begun this action for the
rent, and the defendant filed a counterclaim based on the
agreement just set out.   There was no dispute as to the
amount of the rent and the whole contest was had over the
counterclaim.   Plaintiff took the position, that defendant
had no right to set up his counterclaim for the value of the
barns until that value or price had been ascertained by the
third parties provided for in the contract, unless he, plain-
tiff, had by his fault caused a failure to so ascertain.   De-
fendant took the position that the agreement to arbitrate
did not bar an action for the price, the court, according to

the mode of courts, to fix the value. The trial court took defendant's view and the instructions were given and refused in keeping with such view. The verdict and judgment were for defendant on the counterclaim.

The general principle of law is well settled that the courts can not be ousted of their jurisdiction over actions between parties. And that agreements to that effect which submit future controversies to arbitrators to the exclusion of the courts are not valid. But it is equally well understood that an agreement that values shall be fixed by arbitrators is valid, since it does not oust the courts of jurisdiction over the cause of action, but only contracts for a mode of ascertaining the amount which may come to be in dispute. Murphy v. Ins. Co., 61 Mo. App. 323; McNees v. Ins. Co., 61 Mo. App. 340; Ins. Co. v. Morse, 20 Wallace 445; Avery v. Scott, 8 Welsby H. & G. 497.

So again, it seems to be well-settled law that an agreement to arbitrate can not be specifically enforced. And that in an executory contract for sale of property, the price to be fixed by arbitrators, if no price is fixed the sale fails for lack of an essential ingredient. King v. Howard, 27 Mo. 25; St. Louis v. Gas Co., 70 Mo. 103-112; Biddle v. McDonough, 15 Mo. App. 540.

But where a contract with arbitration clause is executed by one party, as if a tenant erects buildings under contract that the landlord will purchase them at the expiration of the term, at a price to be fixed by arbitrators, as here, if the arbitration fails through no substantial fault of the tenant, the court will fix the value after the mode adopted by courts for the trial of controversies between parties. Hug v. Van Burkleo, 58 Mo. 202; Biddle v. McDonough, 15 Mo. App. 540; Biddle v. Ramsey, 52 Mo. 153.

The tenant should first fairly endeavor to carry out the contract for arbitration before resorting to the courts and if,

without his fault, the landlord thwarts him, he may bring the matter into court and there have the value fixed. In this case, the trial court's action on instructions shows it considered that it made no difference how the arbitration failed, but the mere fact that there had not been an arbitration was sufficient to justify defendant in resorting to the court. This was error. Plaintiff's refused instructions numbers 3 and 4, embody the proper theory and should have been given.

The judgment will be reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.