[Civ. No. 812.   First Appellate District.—July 25, 1911.]

JULES LEVY & BRO., a Corporation, Appellant, v. A. MAUTZ & COMPANY, a Corporation, Respondent.

Untenable Action for Breach of Contract—Purchase of Goods for Years—Terms not Agreed upon—Future Ascertainment not Made.—An action for breach of an alleged contract for the purchase of goods for a period of years will not lie, where the contract provides that the prices of the goods, as well as the terms and conditions upon which the sales were made, were to be ascertained from time to time by the future agreement of the parties, and such terms and conditions were never agreed upon between them.

Id.—Findings Against Agreement—Appeal from Judgment—Review.—Where the findings of the court were against any agreement between the parties, and that all goods delivered were paid for, and the appeal is from the judgment for defendant, where there is no statement of the case, the findings are conclusive as to the facts found, and if the conclusions of law deduced therefrom necessarily follow, the judgment appealed from must be upheld.

Id.—Certainty of Contract of Sale as to Price—Effect of Uncertainty.—A contract of sale must be certain as to the thing sold, and designate the price to be paid for it, and if an executory contract of sale is uncertain and incapable of being made certain in the essential particular of the price to be paid for the thing sold, neither of the parties can be held to its terms nor recover damages for its breach.

Id.—Reasonable Value of Goods Actually Sold and Delivered.—In the absence of a fixed price or valid contract, if goods were actually sold and delivered by the defendant to the plaintiff, the law would imply an understanding that the reasonable value of the goods is to be paid, and the purchaser will be held liable for such reasonable value.

ID.—GOODS CALLED FOR AND NOT DELIVERED—PRICE TO BE ASCERTAINED —INCOMPLETE CONTRACT.—Where the price of the commodity called for, and not delivered, is to be subsequently ascertained and fixed by the agreement of the parties, the contract of sale is incomplete and unenforceable, until the price is so fixed or agreed upon.

ID.—NECESSARY CONCLUSION FROM FINDINGS—AFFIRMANCE OF JUDG-MENT APPEALED FROM.—Where the findings of fact that the minds of the parties never met upon the essentials of price and terms of payment necessarily sustain the conclusions of law by the trial court that the contract was void and incomplete and incapable of enforcement, because of its uncertainty in the particulars stated, such conclusions are decisive of the case upon the appeal from the judgment, which must be affirmed, regardless of other questions involved.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  John Hunt, Judge.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, for Appellant.

Dinkelspiel & Schlesinger, and Bert Schlesinger, for Respondent.

LENNON, P. J.—This action was brought by the corporation plaintiff to recover the sum of $329.93 as damages against the corporation defendant for the breach of a contract, wherein the defendant agreed to purchase from Jules Levy and Max Levy, copartners, doing business under the firm name of Jules Levy & Bro., and their successors or assigns, goods and merchandise such as Jules Levy & Bro. dealt in to the minimum amount of $4,000 a year, yearly, for a period of five years beginning August 1, 1905.  It was further stipulated in the contract sued on that if the defendant failed in any of the yearly periods specified therein, beginning with August 1st of any one year and ending July 31st of the next year, to purchase from Jules Levy & Bro. merchandise to the full amount of $4,000, the defendant was to pay to them, at the end of such yearly periods, twenty-five per cent of the difference between the value of the goods actually purchased in any one year and the sum of $4,000.

The copartnership of Jules Levy & Bro., its successors and assigns, by the further terms of the contract, were obligated to sell to the defendant, for cash or such terms as might be

from time to time agreed to by the parties to the contract, merchandise such as the defendant was then dealing in to the amount of $4,000 a year, beginning August 1, 1905, for so long a time as Jules Levy & Bro. might remain in the lace goods business.

Prior to the execution of this contract the defendant had made and delivered its promissory note to the firm of Jules Levy & Bro., apparently in payment of a pre-existing indebtedness, and one of the considerations for the contract sued on was, as appears from the recitals of the contract and the allegations of the plaintiff's complaint, the promise and agreement of Jules Levy & Bro. to forbear bringing suit against the defendant upon said promissory note until after the 1st day of January, 1906.

On February 12, 1907, the copartnership of Jules Levy & Bro. was merged into the corporation plaintiff, and thereupon the said copartnership transferred and assigned all of its property, contracts, etc., including the contract or agreement herein sued on, to the plaintiff.

The due execution of the contract was not denied, and all the material allegations of plaintiff's complaint are specifically found in the language of the complaint to be true, but in addition the trial court found "that during the period of time the defendant is charged with having failed to purchase goods from the plaintiff that no goods of any kind or character was ever selected by the defendant from any merchandise belonging to the plaintiff or otherwise identified; that during said time the plaintiff and defendant never agreed upon any fixed terms of credit or other terms for the sale or purchase of goods, and no terms of credit were agreed upon between said parties, nor were prices agreed upon, and that the defendant had not ordered from the plaintiff, nor had the plaintiff delivered to the defendant, any articles, except such as had been paid for and not the subject of the suit."

As conclusions of law from the findings of fact the trial court found, among other things, and in effect that the contract sued on was void for uncertainty and incapable of enforcement in this, that the prices to be paid for the goods, or the terms upon which the sales were to be made, were not specified in the contract, but were to be fixed by a subsequent

agreement of the parties, and that no such agreement was ever made.

Judgment was rendered and entered for the defendant, and the case comes here upon an appeal from the judgment and upon the judgment-roll.

The only point presented for consideration upon this appeal is that the findings do not justify the conclusions of law nor the judgment rendered thereon. In the absence of a statement of the case the findings of the trial court are conclusive as to the facts found (*Woodmen of the World* v. *Rutledge,* 133 Cal. 644, [65 Pac. 1105]), and if the conclusions deduced therefrom necessarily follow as a matter of law, the judgment must be upheld. (*Alhambra Water Co.* v. *Richardson,* 72 Cal. 598, [14 Pac. 379]; *Bull* v. *Bray,* 89 Cal. 286, [26 Pac. 873, 13 L. R. A. 576]; *Perry* v. *Quackenbush,* 105 Cal. 299, [38 Pac. 740]; *Gill* v. *Driver,* 90 Cal. 72, [27 Pac. 64].)

It is elementary in law that a contract of sale must be certain as to the thing sold and designate the price to be paid for it (Civ. Code, sec. 1729); and it is well settled that if an executory contract of sale is uncertain and incapable of being made certain in the essential particular of the price to be paid for the thing sold, neither of the parties can be held to its terms nor recover damages for its breach. (*Breckenridge* v. *Crocker,* 78 Cal. 533, [21 Pac. 129]; *Association* v. *Phillips,* 56 Cal. 539; *Talmadge* v. *Arrowhead,* 101 Cal. 367, [35 Pac. 1000]; *National Bank* v. *Hall,* 101 U. S. 50, [25 L. Ed. 822]; *Schenectady Stove Co.* v. *Holbrook,* 101 N. Y. 48, [4 N. E. 4]; *Grafton* v. *Cummings,* 99 U. S. 106, [25 L. Ed. 366].)

It is true, generally, that where no price is fixed in a contract for the sale of a commodity, the law, upon a delivery and acceptance of the thing sold, implies an understanding between the parties that a reasonable price is to be paid, and in such a case the contract will be deemed to be executed. In other words, in the absence of a fixed price, or an agreement as to the mode of ascertaining the value of the goods sold and delivered pursuant to the contract of sale, the purchaser will be held liable for the reasonable value of the goods. (1 Mechem on Contracts, sec. 206; Benjamin on Sales, 7th ed., p. 91, sec. 85; *Taft* v. *Travis,* 136 Mass. 95; *Prenath* v. *Runyon,* 12 Ind. 174.)

Where, however, the price of the commodity called for but not delivered is to be subsequently ascertained and fixed by the valuation of others or by the agreement of the parties, the contract of sale is incomplete, and nonenforceable, until the price is so fixed or agreed upon. (*Wittkowsky* v. *Wasson,* 71 N. C. 451; *Bigley* v. *Risher,* 63 Pa. 152; *Foster* v. *Lumberman's Mining Co.,* 68 Mich. 188, [36 N. W. 171]; *Williamson* v. *Berry,* 8 How.* (U. S.) 544, [12 L. Ed. 1170]; *Devane* v. *Fennell,* 2 Ired. (24 N. C.) 36; *Albemarle Lumber Co.* v. *Wilcox,* 105 N. C. 34, [10 S. E. 871]; 1 Mechem on Contracts, sec. 209; *Wilken Mfg. Co.* v. *Lumber Co.,* 94 Mich. 158, [53 N. W. 1045]; *Bales* v. *Gilbert,* 84 Mo. App. 675; *Hutton* v. *Moore,* 26 Ark. 382.)

In the case at bar the prices to be paid for the goods which were to be purchased yearly by the defendant, for a period of five years, as well as the terms and conditions upon which the sales of said goods and merchandise were to be made, were not specified in the contract, but were, as indicated by the contract and the findings of the court below, to be ascertained and fixed from time to time by the future agreement of the parties.

The due execution of a contract requires the assent of at least two minds to each and all of the essentials of the agreement; and it is only upon evidence of such assent that the law enforces the terms of a contract or gives a remedy for a breach of it.

It is apparent from the findings that the minds of the parties in this instance never met upon the essentials of price and terms of payment, and therefore the trial court's conclusion of law that the contract in controversy was void and incapable of enforcement because of its uncertainty in the particulars stated was the only conclusion that could logically or legally be drawn from the findings of fact.

This conclusion is decisive of the case, and makes it unnecessary for us to discuss or decide the questions as to whether or not the contract is lacking in mutuality, or was assignable.

The judgment is affirmed.

Kerrigan, J., and Hall, J., concurred.