[Civ. No. 11448. Second Appellate District, Division Two.—July 19, 1937.]

W. D. COURTRIGHT et al., Respondents, v. FRANK DIM-MICK, Appellant.

Frank S. Hutton for Appellant.

Freston & Files and James A. McLaughlin for Respondents.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiffs. It is interesting to note that the action was started in the Superior Court of Los Angeles County February 8th of the current year. The decision on appeal is filed July 19th.

The Bank of America, as trustee under a bond issue amounting to $730,000, had taken possession of the Beverly Hills Hotel upon default in a payment on the bonds. A bondholders' committee, the plaintiffs herein, was organized to protect such of the bondholders as cared to join it. The defendant obtained possession of the premises under a lease from the bank as trustee which, when boiled down for brevity and clarity, contained the following provisions as to its termination:

"The term of this lease is to commence as of the 15th of December, 1933, and to continue until the termination of the right of possession of the trustee and/or lessee [defendant] through foreclosure sale under the terms of said trust indenture. Provided however that under no circumstances shall the term continue beyond the 14th of December, 1938."

The committee was in control of $327,000 of the bonds at the date of the lease. At the date of the foreclosure sale, after more than three years' time, it had gathered together a total of $660,000 in bonds. The committee purchased the property at the sale, using its bonds in payment as far as they would go and paying the balance in cash, and thereafter notified the defendant to surrender possession. The defendant refused to surrender, claiming that his lease had not been terminated by the foreclosure sale. Thereupon this action was instituted and judgment of restitution entered.

 The primary contention of defendant upon appeal is that the language of the lease above quoted is ambiguous in that it is susceptible of either of two interpretations; one, that any foreclosure under the trust deed terminates it, and another, *"that only such foreclosure as deprives the plaintiffs of control of the property terminates it"*, and there-

fore the court erred in refusing to admit oral evidence to explain its meaning.

In our view the language used is not ambiguous and the contention is without merit.

Ordinarily when a trustee under a bond issue is in possession of the property by reason of a default in the payment of the bonds the "big day" toward which all interested parties look is the day of the foreclosure sale—the day when the right of possession and all other rights in the property are taken from the trustee. In ordinary course a trustee under such circumstances would not, if it could, execute a lease which might encumber the property,—which might prevent the purchaser from obtaining immediate possession after the sale. To intend otherwise is so exceptional that such intention would be worthy of an express provision to that effect. In the instant case no such exception was inserted, and further, the language used was clear and explicit to the effect that the lease terminated at the foreclosure sale. The contract may not be attacked on the ground of ambiguity. It must be reached, if at all, on other grounds such as fraud or mistake.

The defendant next contends that even if the writing is not ambiguous on its face, the circumstances under which the parties contracted and the common knowledge and the understanding of the parties themselves as shown by their *previous negotiations* should have been admitted in evidence, to *establish* an ambiguity as well as to indicate the proper choice of possible meanings, citing and quoting Restatement of Law of Contracts, part of section 242. Turning for fuller light on defendant's dubious contention, we find that the next sentence following the quotation reads as follows: "There is, however, a limit to the application of the rule stated in the section. Previous negotiations cannot give to an integrated agreement a meaning completely alien to anything its words can possibly express."

In our view of the words of the contract they mean exactly what they clearly say: That the term of the lease continues until the termination of the right of possession of the lessor and lessee "through foreclosure sale under the terms of said trust indenture". The meaning attempted to be given them by the defendant, i. e., "only such foreclosure as deprives the plaintiffs of control of the property" is a meaning completely alien to anything its words can possibly express. It

would require additional words, a change in the contract, to give to it such a meaning. Our rule in California is efficient and worth maintaining. (Sec. 1638, Civ. Code, and 6 Cal. Jur. 273.) Where the language is clear and explicit the intention of the parties is to be ascertained from the writing alone. While it is true that ''a contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates'' (sec. 1647, Civ. Code), this rule is invoked only where the language used is doubtful, uncertain or ambiguous, and only then in cases where the doubt appears upon the face of the contract. (6 Cal. Jur. 297, notes 13 and 14; *Barnhart Aircraft, Inc., v. Preston,* 212 Cal. 19 [297 Pac. 20]; *United Iron Works* v. *Outer Harbor etc. Co.,* 168 Cal. 81 [141 Pac. 917]; *Purdy* v. *Buffums, Inc.,* 95 Cal. App. 299 [272 Pac. 770]; *Briggs* v. *Marcus, etc.,* 3 Cal. App. (2d) 207 [39 Pac. (2d) 442].)

The defendant does not rely upon fraud, mistake or inadvertence.

■ He does contend that if the offers of proof had been admitted they would have established an estoppel *in pais* against the plaintiffs asserting a termination of the lease within five years. In order to rely upon such estoppel it was necessary for the defendant to allege and prove or offer to prove all the essential ingredients of an estoppel. This the defendant did not do. He did not allege nor offer to prove, among others, that the defendant took the lease or made any of the advances because of his belief that he had a five-year term, nor is there any offer of proof that the plaintiffs knew that defendant took the lease and made the original advancements thereunder in reliance upon his alleged belief that he had a five-year term.

■ The defendant leads his next contention with the concession ''that upon foreclosure of a trust deed all leases entered into by the lessor subsequent thereto are automatically cancelled''. But he says, ''The elimination by the sale of the legal title holder, trustee, Bank of America, did not in any way affect the estate of the bondholders. . . . The right of possession in the lessor was never terminated by the foreclosure.'' There is no merit in this contention. The sale under the trust deed did affect the estate of the bondholders. Any rights the bondholders had in the property were eliminated by the sale, and the right of possession

in the lessor after the foreclosure sale was dead. (25 Cal. Jur. 94.)

Judgment affirmed.

Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 16, 1937.