FIDELITY & CASUALTY COMPANY OF NEW YORK, Plaintiff,

v.

Worth Wray FRAZIER, Jr., d/b/a Wray Frazier Motor Company, Benjamin Glenn Fulbright, Silas Benjamin Fulbright, Shelby Mutual Insurance Company, Romeo Griffin Murray and Hazel Harris Murray, Defendants.

Civ. No. 421.

United States District Court
W. D. North Carolina,
Statesville Division.
April 14, 1961.

Patrick, Harper & Dixon, Hickory, N. C., for plaintiff.

Corne & Warlick, Newton, N. C., for defendant, Worth Wray Frazier, Jr. d/b/a Wray Frazier Motor Co.

Sigmon & Sigmon, Newton, N. C., for defendants, Benjamin Glenn and Silas Benjamin Fulbright.

Carpenter, Webb & Golding, Charlotte, N. C., for defendant, Shelby Mut. Ins. Co.

Leonard Lowe, Forest City, N. C., for defendants Romeo Griffin Murray and Hazel Harris Murray.

WARLICK, District Judge.

This is an action instituted by plaintiff, The Fidelity and Casualty Company of New York, seeking a Declaratory Judgment under Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C., and section 2201, Title 28, U.S.C., to determine who in fact among the defendants was the owner of a certain motor vehicle which was involved in a collision on January 31, 1960, and out of which accident certain civil actions have been filed in the Superior Court of Rutherford County by the defendants Romeo Griffin Murray and his wife, Hazel Harris Murray.

The automobile in question, a 1954 Mercury, serial # 54ME 15739M was being operated at the time of the collision by the defendant Benjamin Glenn Fulbright, a minor. The other car involved in the wreck, a 1957 Chevrolet, was owned and operated by the defendant Romeo Griffin Murray, and in the accident he and his wife, Hazel Harris Murray allegedly sustained personal injuries and property damage, and seeking to recover therefor, instituted two separate suits in Rutherford County against the defendants Worth Wray Frazier, Jr., d/b/a Wray Frazier Motor Company and Benjamin Glenn Fulbright.

A policy of insurance was issued by plaintiff, The Fidelity and Casualty Company of New York to Worth Wray Frazier, Jr., d/b/a Wray Frazier Motor Company and was in full force and effect at the time of the alleged collision on January 31, 1960; the defendant Shelby Mutual Insurance Company had been directed by the North Carolina Insurance Department and in line therewith, had issued an assigned risk policy to Silas Benjamin Fulbright, the father of the defendant Benjamin Glenn Fulbright. Thereafter when the two actions were instituted in the Superior Court of Rutherford County, North Carolina the defendants Frazier and Fulbright each made demand upon their respective insurance carrier to defend the actions. Each of the insurance companies denied liability, principally on the ground that their policy holder was not the owner of the 1954 Mercury operated by the defendant Benjamin Glenn Fulbright at the time of the alleged accident. Subsequently plaintiff, upon a reservation of rights, filed an answer in behalf of its insured, Worth Wray Frazier, Jr., d/b/a Wray Frazier Motor Company. The defendant Shelby Mutual Insurance Company declined to file an answer.

On being advised by its counsel that the actions in the Superior Court of Rutherford County would not necessarily determine the matter of the coverage under the two policies and a controversy thereupon having arisen, plaintiff instituted this action to have the matter determined by way of a Declaratory Judgment, which of the defendants actually in fact was the owner of the 1954 Mercury automobile and to further determine which policy of insurance was applicable so that on such being determined a defense could be made to the two actions in the Superior Court of Rutherford County by the responsible insurance carrier.

Jurisdiction in this action arises under Sections 1332, and 2201, Title 28 U.S.C.

Plaintiff, The Fidelity & Casualty Company of New York, is a corporation organized under the laws of that state. The defendants, Worth Wray Frazier, Jr., d/b/a Frazier Motor Company, Benjamin Glenn Fulbright, and Silas Benjamin Fulbright, are citizens and residents of Catawba County, North Carolina; defendant Shelby Mutual Insurance Company is a corporation organized under the laws of Ohio; and defendants Romeo Griffin Murray and Hazel Harris Murray are citizens and residents of Rutherford County, North Carolina. The amount in controversy is in excess of $10,000, exclusive of interests and costs.

On January 23, 1960, The Wray Frazier Motor Company sold and delivered a 1950 Ford automobile to Silas Benjamin Fulbright for the use and benefit of his minor son, Benjamin Glenn Fulbright. The sales price was $175 which was paid in full by the minor Benjamin Glenn Fulbright from monies which he had personally earned working at a furniture plant. This was paid by and with the consent of his father Silas Benjamin Fulbright, and title to said car was placed in the father due to his son's minority; $125 being paid on the date of delivery and the remaining $50 on the following Friday, January 29, 1960, at which time the minor Benjamin Glenn Fulbright examined and expressed an interest in the 1954 Mercury which was on the sales lot of defendant Frazier.

On the following Saturday morning, January 30, he returned to the Frazier Company to again look over and inspect the Mercury which he had evidently liked on the previous day, at which time he was told that it had a mechanical defect and was further informed that if interested such defect would be repaired at the seller's expense. At his request he was permitted to drive the Mercury automobile some mile or more to the place of business of a mechanic whose ability he highly regarded, and later, on returning said car to the Frazier Motor Company, agreed to trade his 1950 Ford in exchange for the Mercury and other considerations. Following said trade, two

mechanics of the Frazier Motor Company began the repairs to the Mercury and worked on it for some several hours over into the afternoon in order to complete the job.

Though the testimony of the witnesses varies considerably it clearly appears that in the afternoon of January 30 both of the defendants Fulbright, father and son, were together in the office of the Frazier Motor Company. Corroboration of this fact is the Frazier Receipt Book offered in evidence showing that Silas Benjamin Fulbright at that time made a final payment on a 1955 station wagon which he had purchased previously from the defendant Frazier. Following such receipt there appears another to a third party, and then such receipt book shows an entry of $5 paid by Benjamin Fulbright on which receipt it appears that he had agreed to an exchange of his Ford for the 1954 Mercury on the following terms: "$5 for the 1954 Mercury. Finance $375. $10 in two weeks. The remaining $10,00 in four weeks."

Thereupon the Mercury was delivered to the minor Benjamin Glenn Fulbright and he in turn delivered his 1950 Ford to Frazier and further delivered the title thereto; and later removed several personal articles from the Ford to the Mercury.

The Court further finds that Silas Benjamin Fulbright the father, under the terms of the exchange of the automobile was to return that afternoon and execute all necessary papers. This he actually neglected to do.

On the following afternoon, Sunday January 31, Benjamin Glenn Fulbright was involved in the collision with the Murray car from which this litigation arose.

On Monday following the accident, young Fulbright went to the office of the Catawba Realty & Insurance Company, from whom liability insurance had been purchased the previous week for the 1950 Ford and talked with Robert Powell, the manager thereof. The policy contained a provision specifically covering a vehicle bought to replace the named ve-

hicle. Powell assisted young Fulbright in preparing the report to be submitted to The Shelby Mutual Insurance Company, and in the report it was stated that the insured had traded the vehicle named in the policy, to wit the 1950 Ford, for the 1954 Mercury involved in the collision.

Powell prepared the report entirely from the information he had acquired from questioning young Fulbright. On its completion Benjamin Glenn Fulbright signed the name of his father to said report.

Subsequently, Silas Benjamin Fulbright went to Powell's office and undertook to inform him that the car was not his, that it was owned by Wray Frazier Motor Company, and this later assertion evidently led to the Shelby Mutual's subsequent refusal to file answer in the Rutherford County action.

 The only question for determination is whether or not title to the 1954 Mercury automobile passed to Silas Benjamin Fulbright on January 30, 1960. This case is to be determined by the North Carolina law. The North Carolina Supreme Court has held:

> "A sale is the transfer of the absolute or general property in a thing for money, or anything of value. When the property purporting to be sold is so separated as to be fully identified and distinguished from other property of like kind, and the price is certain, or by the terms of the agreement can be ascertained, * * * the payment of any part of the price as earnest money, or by note in lieu of it, or the delivery of the property, postponing the settlement till the quantity can be definitely determined, makes the sale complete." Albemarle Lumber Co. v. Wilcox, 105 N.C. 34, 38, 10 S.E. 871, 872.

 Under the facts found from the evidence offered, I am of the opinion that title to the 1954 Mercury passed from the Frazier Motor Company to said Fulbright, and accordingly I conclude that such car was covered for insurance by the policy heretofore issued by the defendant, the Shelby Mutual Insurance Company, and that such company is obligated to assume full responsibility for the defense of the actions heretofore instituted in the Superior Court of Rutherford County by the defendants Murray.

That Worth Wray Frazier, Jr., d/b/a Wray Frazier Motor Company having traded the 1954 Mercury to Silas Benjamin Fulbright, is hereby absolved of any liability for the damages which came about from the collision occurring on January 31, 1960, and which involved the 1954 Mercury automobile.

Counsel will submit decree in accordance with this opinion.