## CALLAHAN *v.* MITCHELL.

SURETYSHIP.—PRACTICE.—In a suit against one of two makers of a joint and several promissory note, the fact that the defendant sued is surety for the other promisor is no defense to the action, nor can the proceedings of the plaintiff be delayed by a cross-complaint to bring in the alleged principal. Such a pleading should be rejected.

APPEAL from the *Morgan* Common Pleas.

GREGORY, C. J.—*Mitchell* sued *Callahan* on a joint and several promissory note, executed by the appellant and one *John M. Callahan.* The defendant answered that the note

was executed by *John M. Callahan* as principal and himself as surety. The court, on motion, struck out the answer. The defendant then filed his cross-complaint, setting up the same matter, and praying that *John M. Callahan* be made a defendant in the action. The court, on motion, rejected the cross-complaint. Did the court below err in striking out and rejecting the answer and cross-complaint?

The code provides that "when any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issue made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term; but such proceeding shall not affect the proceedings of the plaintiff." 2 G. & H., § 674, p. 308. Here, the action was against one, and not two or more defendants. The plaintiff could not be delayed in his action by making a new party, simply to enable the defendant to have settled the question of suretyship, and to have an order that the property of the principal be first taken. See *Jones et al.* v. *Tincher et al.* 15 Ind. 308. The appellant had bound himself in a joint and several note; he must take the consequences of his own act. The appellee had the right to treat the note as a several obligation, and sue either of the makers. As between the makers and the payee, the former were each principals.

The judgment is affirmed, with six per cent. damages and costs.

*A. Ennis*, for appellant.

*J. S. Hester* and *J. V. Mitchell*, for appellee.