## COMBS v. HAWES.

### No. 8898; November 19, 1885.

8 Pac. 597.

**Mortgage—Deed as Security—Foreclosure.**—A deed given to secure the payment of money advanced by the grantee is in effect a mortgage, and must be foreclosed in accordance with the statute: Code Civ. Proc., sec. 726.

**Mortgage—Lien of Grantee on Paying Prior Mortgages.**—Equity will give to the grantee in a deed, construed to be a mortgage, a lien on the land, to the extent of payments of other mortgages on the land, which he has been obliged to make to protect his own security.

**Infant—Promissory Note—Disaffirmance.**—An infant over the age of eighteen years executing a promissory note, the consideration of which he receives, and which note is paid by an indorser, cannot disaffirm his contract with the indorser without refunding the amount paid in taking up the note.[1]

APPEAL from Superior Court, County of Lake.

Jos. C. Bates for appellants; E. W. Britt for respondent.

---

[1] Cited with approval in Whyte v. Rosencrantz, 123 Cal. 641, 69 Am. St. Rep. 90, 56 Pac. 439, where, upon the facts in that case, the court said: "Defendant received money, and that or other money is its only equivalent."

McKINSTRY, J.—The action was brought to recover an alleged balance, with interest thereon, averred to have been paid by plaintiff in satisfaction of a certain promissory note made by defendants to the Bank of Lake, which note the plaintiff, as indorser thereon, was compelled to pay. The complaint avers that defendant Caroline "has conveyed to plaintiff, in part satisfaction of the amount paid by him," certain real and personal property "of the value of two thousand five hundred dollars"; but that the defendants have made no other payment, leaving due and unpaid the sum of two thousand nine hundred and seventy-five dollars, with interest. The answer of the defendant Caroline Hawes denies that the property was conveyed and transferred by her in part payment, but averred the same was conveyed and transferred in full satisfaction of the claim of the plaintiff; and the answer of the defendant Horace is to the same effect, with the additional allegation that when the note was executed he was a minor of the age of eighteen years. The court below found:

"(4) That said defendant Caroline Hawes has conveyed to plaintiff, in part satisfaction of the amount paid by him on said note as alleged in said complaint, the real and personal property referred to in said complaint, of the value of two thousand five hundred dollars. And that such property was not taken or accepted by plaintiff as full satisfaction or payment of the demand in his favor against defendants for reimbursement of the sums paid by him as aforesaid on said note, and was not accepted by him as payment of said note.

"(5) That except by conveyance aforesaid of said real and personal property, the said defendants have not, nor has either of them, repaid to plaintiff any part of the sums paid by him on said note."

The testimony of plaintiff is to the effect that the conveyance from the defendant Caroline Hawes was to secure the payment of the money by him advanced in payment of the note of the defendants. The plaintiff recognized the continuation of the whole indebtedness from defendants after the deed was executed. If the testimony of the plaintiff is to be believed, the conveyance was neither in payment of part nor of the whole of such indebtedness. The transaction was a contract of mortgage. Finding No. 4 is therefore

not justified by the evidence. If the facts are as claimed by plaintiff in his testimony, he should have filed his complaint for the foreclosure of his mortgage. There can be but one action in such cases, which must be in accordance with the Code of Civil Procedure, section 726. If, while the legal title stood apparently in plaintiff, he was obliged to protect his security by paying off other mortgages on the land, equity would give him a lien thereon to the extent of such payments.

There was evidence to justify the finding of the court that defendant Horace, with the other defendant, received the benefit of the moneys received from the Bank of Lake. It follows, of course, that he received the benefit of the moneys paid by plaintiff to satisfy the note of defendants. He was eighteen years of age when the note was given. Section 35 of the Civil Code reads: ''In all cases other than those specified in sections 36 and 37, the contract of a minor, if made while he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within a reasonable time afterward; or, in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor while he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration of the party from whom it was received, or paying its equivalent.''

The provision of the section which requires the restoration of the consideration to the party from whom it was received as a condition precedent to the disaffirmance of a contract made by an infant over the age of eighteen applies as well to the contract to refund to plaintiff the money advanced by him in taking up the note as to the original contract evidenced by the promissory note.

Judgment and order reversed and cause remanded for further proceedings.

We concur: Ross, J.; McKee, J.