[S. F. No. 847.    Department Two.—March 3, 1899.]

# A. C. WHYTE, Respondent, v. H. ROSENCRANTZ, Appellant.

MONEY HAD AND RECEIVED—VOID CONTRACT WITH MINOR.—An action for money had and received will lie against one who has attained the age of majority, to whom the money claimed was loaned during his minority when over eighteen, under a parol agreement that he would upon becoming of age convey his interest in certain real estate as security for the loan, which agreement he refused to perform upon becoming of age. The void feature of the transaction does not preclude a recovery, it being inequitable for the defendant, under the circumstances, to retain the money.

ID.—ACTION BY ASSIGNEE—CONSISTENCY OF PLEADING—ATTEMPTED SUBSTITUTION OF NOTE—NONDELIVERY—NONACCEPTANCE—OFFER OF RETURN.—In an action of assumpsit by an assignee of the right to recover the money loaned to the minor, where it appeared that the defendant had obtained possession of the original notes given for the loan, under promise that the contemplated security would be given, and after having marked them paid without authority from the payee attempted to deliver to the payor a substituted note payable eleven months after date, and upon refusal of the payee to accept it, left it upon a table in the payee's presence, who indorsed it merely to allow the assignee to produce it at the trial, the fact that the complaint by the assignee, under the circumstances, denies that the substituted note was delivered or accepted, and yet offers to return it with the payee's indorsement thereon, does not render the complaint inconsistent, or *felo de se*.

ID.—LOAN TO MINOR OVER EIGHTEEN—RESTORATION—IDENTITY OF MONEY. Under section 35 of the Civil Code, where money was loaned to a minor over eighteen years upon specified conditions which are disaffirmed when he becomes of age, the money loaned must be restored, "or its equivalent paid," and it is not essential in such case in this state, that there should be ability to restore the identical money received, in order to sustain an action against him for money had and received.

ID.—FINDING AGAINST SUBSTITUTION OF NOTE—CONFLICTING EVIDENCE—ACCEPTANCE—INTEREST—INDORSEMENT.—A finding that there was no substitution of the note left by defendant with plaintiff's assignor, will not be disturbed, where the evidence is conflicting. The payment of interest on the note, and the indorsement thereof to plaintiff, are only evidence tending to show acceptance of the note, which may be explained and rebutted by the plaintiff.

ID.—RESCISSION NOT REQUIRED—RETURN OF INTEREST.—The finding being sustained by evidence against the acceptance of the substituted note, no rescission or offer to rescind is required; and the

plaintiff is not required to return any interest paid on the loan, which is regarded merely as compensation for the use of the money, and defendant is not entitled to the return thereof.

ID.—SURRENDER OF NOTE—The offer to return and surrender the note and bringing it into court to be canceled is sufficient to protect the defendant against any other action on the note.

ID.—APPEAL—ARGUMENT—GENERAL OBJECTION TO RULINGS—A general objection in appellant's points that "each and every ruling of the court below which was made the object of objection and exception was erroneous," merely citing the folios of the transcript, may be ignored by the appellate court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

I. Rosencrantz, and Henry E. Highton, for Appellant.

Charles S. Peery, William T. Baggett, and J. T. Fléming, for Respondent.

CHIPMAN, C.—Action for money had and received. Plaintiff is assignee of Adele Hesser, from whom it is alleged that defendant received the sum of five thousand dollars, under a verbal agreement, "upon the express condition that the defendant would immediately, upon meeting his majority, make, execute, and deliver to said Adele Hesser, as security for the payment of said sum, an assignment of all the right, title, and interest in and to" certain property situated in the city of San Francisco, of which defendant was the owner of an undivided one-eighth interest; it is alleged that at this time defendant was over the age of eighteen years; that prior to the commencement of the action defendant came of age and said Adele Hesser demanded that defendant execute said assignment, but he failed and refused to do so and wholly failed to secure said sum; on or about January 20, 1895, defendant signed a promissory note for said sum, with interest at seven per cent, payable eleven months after date, "and attempted to deliver the same to said Adele Hesser, and left the same with said Adele Hesser at her residence, but said Adele Hesser then and there refused to accept the said note . . . . unless said defendant would secure

payment of the same by said assignment of said interest on said real property as aforesaid, and said note was not in fact delivered"; said Mrs. Hesser, prior to the commencement of the action, offered to return said note to defendant, but he refused to accept the same and refused to return said sum of five thousand dollars or any part thereof, and no part of said sum has been paid, but the whole thereof is due; plaintiff is now willing and ready to return said note to defendant and "brings the same into court for said defendant." The complaint is verified. Defendant denies the alleged or any agreement or conditions as attaching to the receipt of the money; admits making the five thousand dollar note; denies that it was not accepted by Mrs. Hesser, and alleges that it was received by her in payment of said sum; denies the offer to return the note, and denies the alleged assignment to plaintiff; alleges that about September 20, 1894, he borrowed of Mrs. Hesser two thousand dollars and gave his note therefor to her, payable one day after date, at seven per cent interest; that on December 26, 1894, he borrowed from her three thousand dollars and gave his note to her for that amount, payable one day after date, at seven per cent interest; that at these times defendant was over eighteen years old and under twenty-one years, and on January 6, 1895, defendant came of age, and about January 20, 1895, executed and delivered to Mrs. Hesser his note for five thousand dollars, payable eleven months after date, at seven per cent interest, which she accepted to secure the payment of said sum; alleges that Mrs. Hesser surrendered to defendant said two notes first given (when they were surrendered is not alleged); and, when the five thousand dollar note was given Mrs. Hesser and defendant agreed that it should be received in payment of the first two notes, that it was so received by her, and that said last note was not due when this suit was commenced.

The cause was tried without a jury, and the court found that defendant received the five thousand dollars under the verbal agreement as alleged in the complaint; it was paid as follows: two thousand dollars about September 26, 1894, and three thousand dollars about December 2, 1894, and that defendant gave his two notes for these amounts bearing date as alleged in the answer, but that they were not accepted "as absolute or con-

ditional payment, but were intended by and between the par-
ties, and it was so agreed and understood, that said notes should
be taken merely as evidence of the said indebtedness until said
defendant should arrive at his majority and would make, execute
and deliver the said conveyance of said real estate as security for
said indebtedness as hereinbefore set forth, and were the only
written evidence said Adele Hesser had of said indebtedness";
about January 1, 1895, defendant obtained possession of said two
last-mentioned notes from Mrs. Hesser upon the promise of de-
fendant "to thereafter immediately deliver to her said convey-
ance of said real estate as aforesaid, and the said notes were, while
in the possession of said defendant, marked paid by him and re-
tained by him, but the said Adele Hesser did not deliver the said
notes up to be canceled, nor were the same then paid or the in-
debtedness evidenced then thereby released or discharged"; that
about January 20, 1895, defendant signed a promissory note for
five thousand dollars (the note as above referred to) and offered
to deliver the same to Mrs. Hesser, "and showed the same to her
and left the said note upon a table in the presence of said Adele
Hesser at her residence, but said Adele Hesser then and there
refused to accept said note in settlement or payment of the said
indebtedness, and refused to accept the same in any manner
without the security for the payment of the same which she
claims the defendant had promised her, and the said defend-
ant then said: 'You can have the said note or nothing.'  There-
upon the said Adele Hesser demanded the said conveyance and
the said real property as security for the said sum of five thou-
sand dollars, and at the same time offered to return the said
note to defendant and insisted that he should take the same and
make the said conveyance; but defendant refused to take the
said note away, and refused to make the said conveyance, and
refused to return to the said Adele Hesser the said sum of five
thousand dollars or any part thereof; that said· Adele Hesser
was inexperienced in business, and, although she retained the
said note in her possession thereafter, she had no intention at
any time of accepting the said note as a conditional or abso-
lute payment of said indebtedness"; that Mrs. Hesser did not
sell this note, but assigned it for the purpose of producing the
note at the trial to be canceled, and the same was delivered to

the clerk of the court for that purpose; that Mrs. Hesser mortgaged her property to obtain the money loaned to defendant, and he agreed to pay the interest thereon, and that the interest money alleged by defendant to have been paid by him was in fact paid to the mortgagee and not to Mrs. Hesser on said notes first executed by defendant; the court also found that defendant owned the interest in certain property as alleged in the complaint; that defendant came of age January 5, 1895, and that Mrs. Hesser frequently thereafter demanded that he execute said conveyance, but on said January 20, 1895, he refused and ever since has refused to make said conveyance or secure said loan, and thereby disaffirmed said contract and agreement entered into by him when he received said money.

Judgment passed for plaintiff, from which and from the order denying his motion for a new trial defendant appeals.

1. Appellant claims that the complaint does not state facts sufficient to constitute a cause of action, but "does state facts which effectually dispel the legal theory upon which it is framed."

The basis of the action is that defendant has received money which, under the circumstances, it would be inequitable for him to retain. The complaint alleged that defendant obtained from Mrs. Hesser five thousand dollars upon a promise to give a certain security therefor at a certain time. The condition was not complied with, and, being void, it could not be enforced. This void feature of the transaction does not preclude recovery. An action on *quantum meruit* or *quantum valebat* will lie where money is paid or services performed under a contract void by the statute of frauds, and we see no difference in principle where the action is for money had and received and the contract is void for other reasons. In *Buck v. Eureka,* 109 Cal. 504, where the action was on a void contract, this court held that an action would lie for services rendered on *quantum meruit.* Upon the proposition see, also: *Day v. New York Cent. Ry. Co.,* 51 N. Y. 583; 89 N. Y. 616; *Cook v. Doggett,* 2 Allen, 439; *Jarboe v. Severin,* 85 Ind. 496; *Reynolds v. Harris,* 9 Cal. 340. But it is further said that, although the complaint averred nondelivery of the note and refusal to accept it by Mrs. Hesser, it is alleged that an offer was made to return it, which shows de-

livery, else how could there be an offer to return? We think the explanation made of the circumstances attending the attempted delivery, and the reasons for retaining the note and offering to return it, relieve the pleading from the charge of inconsistency or of being *felo de se.*

2. Appellant's next five points may be summarized and treated together. Defendant's agreement to secure the money was void; if he made it he had the right to and did disaffirm, and under the provisions of section 35 of the Civil Code, he was not bound to restore the money unless he had the identical money he had received, the burden of proving which was on plaintiff; that the five thousand dollar note was a substitution for the first two notes and changed the time of payment, and was acquiesced in by Mrs. Hesser, and hence it became a new contract on conditional payment, and operated at least to postpone payment and as full performance of defendant's agreement; that Mrs. Hesser could not hold the note and at the same time demand payment of the money, and she did not rescind or attempt to rescind.

The evidence tended to show that defendant obtained the money as alleged and as found by the court, and upon the agreement as found by the court. A few days before defendant came of age he got from Mrs. Hesser the two notes first given for the purpose, as he said, to use them in settling with his guardian "and to give her a transfer of his property." He came of age January 5th, and the next day he came to Mrs. Hesser, as she testified, and said to her: "I will be up in the evening and I can bring you the deed to my property and you can sell it and make me paid." He said: "You are my mother and that he would treat me as a mother." These notes were never paid and were not returned to Mrs. Hesser, but were marked paid by defendant. She did not see him again until about the 20th of January, "when," as she testified, "he rang the bell and came in in a passion." I said "Hilly, what is the matter with you?" He said, "Here!" and he flung that five thousand dollar note on the table, and he said, "If you don't take this, madam, you will never get a cent." I said, "What is the matter, Hilly?" He said, "I will make myself execution proof, like my brother, Isidor Rosencrantz, and you will get nothing." There was evi-

dence corroborative of this meeting. She testified that she did not accept the note, and the evidence tends to show that she tried to get him to take back the note and insisted on having the deed to his property, but that he threw the note on a table and left the house and she saw him no more. In February Mrs. Hesser handed the note to plaintiff, with the right to sue, and she put the matter in the hands of her attorney, Mr. Fleming, and he took the note and she indorsed it in his presence, and he has had it ever since. It appears that defendant paid some interest directly to Mrs. Hesser and some to the bank on her mortgage given to secure the money she borrowed to loan to defendant; but Mrs. Hesser testified that she understood it to be interest money to apply on her mortgage, as defendant had promised to furnish the money for that purpose. It appears, however, that she did receive some interest money on the five thousand dollar note, as to which her attorney in March informed defendant it was without the attorney's knowledge, and an offer was made to return it and a new demand made for the deed. The evidence is conflicting, but I think there is some evidence tending to support the findings.

It is conceded that the verbal agreement to convey the property was void, and, being void by the statute of frauds and not because of defendant's minority, it may not have been necessary for him to disaffirm, and possibly his disaffirmance or non-disaffirmance would not affect the case. He did, however, disaffirm the agreement to convey. The action is not upon this void agreement; it arises out of the relations of the parties, and rests upon the rule that, while the law will not give the action on the agreement, it regards it as morally binding, and for that reason will not give relief against a party not in default nor in favor of a party who is in default in his performance of the agreement; and where a party, who has received money under such an agreement, has refused to perform it, the law, to do justice to the other party, will imply an assumpsit. This being the rule between parties ordinarily, does it apply to a minor over the age of eighteen years under our Civil Code? There are certain obligations, not here involved, which the minor may not disaffirm. (Civ. Code, secs. 36, 37.) In all other cases the contract of the minor, "if made whilst he is under the

age of eighteen, may be disaffirmed," et cetera; but, "if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received or paying its equivalent." (Civ. Code, sec. 35.) Appellant relies upon *Craig v. Van Bebber*, 100 Mo. 584, 18 Am. St. Rep. 571, for the proposition that this section applies only when, upon his majority, the minor has the money.

It may be true, as appellant claims, that the law elsewhere is that no restitution is required "unless the appellant had the identical money he had received." But, whatever may be the law under other statutes, we think our code is too plain to admit of any such interpretation, and was so made to obviate perplexities existing where the statutes had not made the law clear. (See Code Commissioners' note to Civ. Code, sec. 35.) The consideration here was the five thousand dollars received by defendant. Conceding, but by no means admitting, that the duty of the minor only goes to the extent of returning the identical money received, if he have it, as seems to be held under some statutes, our code adds the words "or paying its equivalent," which clearly implies that if he cannot restore the identical consideration received he must pay its equivalent. In this case defendant received money, and that or other money is its only equivalent. (See note, *supra*, to *Craig v. Van Bebber*, at page 694; *Combs v. Hawes* (Cal. Nov. 19, 1885), 8 Pac. Rep. 597.)

The claim that the five thousand dollar note was a substitution and a new contract in place of the first two notes is not borne out by the evidence, and the finding is to the contrary. It seems that defendant obtained possession of these latter notes under pretense that he wanted them for a particular purpose and not to be canceled, which he assumed to do after getting possession of them. They were one-day notes, and were not received as payment but mere evidences of the debt until Mrs. Hesser could get the deed promised her. The five thousand dollar note was thrust upon Mrs. Hesser under circumstances justifying the finding of the court that she did not retain it with any intention of accepting it as conditional or absolute payment of the indebtedness evidenced thereby. That she re-

ceived some interest was some evidence of acceptance, but it was not conclusive. Nor can appellant claim that payment was postponed because this note was made payable eleven months after date, for Mrs. Hesser did not accept the note. I do not think that her retention of the note, under the circumstances, and turning it over to her attorney, is at all conclusive of her acceptance of it as a new contract substituted for the earlier notes; it was evidence of the fact merely, but open to explanation. As defendant got possession of the earlier notes apparently under a false pretense and still retained them, the burden was on him to make clear the proof of delivery and acceptance of the new note. The evidence on the point was conflicting, of which there was sufficient to justify the finding against defendant's contention. Upon the point that Mrs. Hesser failed to rescind or offer to rescind, the obvious answer is that there was nothing for her to rescind, as she did not receive and accept the note as conditional or absolute payment of the indebtedness. Besides, the offer to surrender the note and bringing it into court at the time to be cancelled was sufficient. Defendant was thus fully protected against any other action on that note. (*Coghill v. Boring,* 15 Cal. 213; Civ. Code, sec. 1691, subd. 2.)

There was no offer to return the interest money paid by defendant, but this was voluntarily paid by him to apply to Mrs. Hesser's mortgage according to agreement, and, furthermore, was but the reasonable compensation for the use of the money, to the return of which defendant was not entitled. (*Wilson v. Moriarty,* 77 Cal. 596.)

3. Appellant makes an omnibus objection that "each and every ruling of the court below, which was made the object of objection and exception, was erroneous," citing many folios of the transcript but not pointing out why error is claimed as to any one of these numerous assignments. This method of presenting errors would, under the practice of this court, justify ignoring them altogether. We have, however, looked through the transcript in obedience to the learned counsel's request, but can discover no error prejudicial to defendant.

We are of the opinion that the judgment and order should be affirmed, and so advise.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing the judgment and order are affirmed.　　Henshaw, J., Temple, J., McFarland, J.