## BECK v. O'DELL ET AL.

[No. 24,379. Filed June 27, 1923.]

1. PRINCIPAL AND SURETY.—*Release of Surety.*—*Extension of Time of Payment.*—In an action on a promissory note, a paragraph of answer by one of the defendants claiming to be a surety, which alleged that the plaintiff and the principals on the note had entered into a written agreement extending the time of payment on the note sued on, which agreement is set out as a part of the answer, is demurrable, where it appears from the face of the agreement that it does not extend the time of payment for any definite period and that there was no consideration for the agreement. p. 393.

2. PRINCIPAL AND SURETY.—*Release of Surety.*—*Extension of Time of Payment.*—An agreement to extend time of payment of a promissory note so as to release a surety thereon must be supported by a new and separate consideration and the extension must be for a definite time. p. 394.

3. NEW TRIAL.—*Venire de Novo.*—*Cross-Complaint by Surety.*—*Statute.*—In an action on a promissory note against several defendants, a cross-complaint by one of them to have the question of his suretyship determined, as provided by §1269

Burns 1914, does not affect the issue between the plaintiff and the defendants, and a verdict for the plaintiff which does not cover the issue of suretyship is not defective so as to make a *venire de novo* proper. p. 395.

4. PRINCIPAL AND SURETY.—*Cross-Complaint by Surety.—Statute.*—A cross-complaint by one of two or more defendants alleging suretyship on his part and asking that he be declared a surety on the contract sued on, as provided by §1269 Burns 1914, raises an issue which is independent of, and does not affect, the main action. p. 395.

5. TRIAL.—*Directing Verdict.—Evidence.—Sufficiency.*—An instruction to return a verdict in favor of one of the parties can only be justified when there is no evidence which would sustain a different verdict. p. 397.

6. PRINCIPAL AND SURETY.—*Release of Surety.—By New Obligation.*—To release a surety by the execution of a new obligation by the principal, there must be an acceptance of the new obligation; therefore, negotiations concerning the execution of a new note in place of an old one, followed by the execution of a note in accordance with the terms agreed on, and the mailing of such note to the holder of the original note, does not release the surety thereon, where the makers had been notified that the holder would not accept the new note. p. 397.

7. BILLS AND NOTES.—*Attorney's Fees.—Question for Jury.*—In an action on a promissory note providing for attorney's fees, where the evidence as to the amount of such fee is conflicting, that question is for the jury and the refusal of the court to submit it to the jury is error. p. 399.

8. APPEAL.— *Review.— Amount of Attorney's Fees.— Directing Remittitur.*—In an appeal from a suit on a note providing for attorney's fees, where the evidence as to the amount of such fee was conflicting, it was error not to submit that question to the jury, but where the undisputed evidence showed that the attorney's services were worth $100, the appellate tribunal may order a *remittitur* of the excess above that amount, and affirm the judgment on the entering of such *remittitur*. p. 399.

From Cass Circuit Court; *Charles A. Cole,* Special Judge.

Action by Ella O'Dell against Ora C. O'Dell and others. From a judgment for plaintiff, defendant Claude D. Beck appeals. *Affirmed conditionally.* (Transferred from Appellate Court under §1394 Burns 1914.)

*Rufus Magee* and *Long, Yarlott & Souder*, for appellant.

*Elliott & Bock* and *Rabb, Mahoney & Fansler*, for appellees.

WILLOUGHBY, C. J.—Appellee Ella O'Dell filed her complaint in the Cass Circuit Court, against appellees, Ora C. O'Dell, Lillie O'Dell and appellant, Claude D. Beck, to recover $950 on a certain promissory note executed by said defendants to plaintiff in the principal sum of $800 dated October 20, 1905, due one year after date with six per cent. interest, and attorneys' fees. It appears that the interest had been paid up to October 20, 1912.

The complaint was in the usual form, alleging that the note was due and unpaid and that it provided for attorneys' fees, closing with a demand for judgment for the amount of the principal and interest due, together with $150 attorneys' fees. To this complaint, all of said defendants filed a joint and several answer in four paragraphs: First, general denial; second, payment; third, no consideration; and fourth, the alleged acceptance by plaintiff from defendants, appellees, Ora C. O'Dell and Lillie O'Dell of a new note of $900, covering the principal and accrued interest of the note sued thereon and in payment thereof. A reply was filed to the second, third and fourth paragraphs. All of the defendants filed a fifth paragraph of answer, to which a demurrer was sustained. The appellant, Claude D. Beck, also filed a separate sixth paragraph of answer in which he alleged that appellee Ella O'Dell had, on August 27, 1912, entered into a written contract with appellees, Ora C. O'Dell and Lillie O'Dell, principals on the note, by which the time of the payment of the note sued upon was extended for a valuable consideration and without his consent and that he was surety only on

said note.   Appellant, Claude D. Beck, then filed a seventh paragraph of separate answer.   The seventh paragraph of answer is founded upon the written contract set up in his sixth paragraph of separate answer but alleges that said written contract is incomplete, and that concurrently therewith, as a part of the same transaction and as supplemental thereto, plaintiff and said defendants, Ora C. O'Dell and Lillie O'Dell, entered into an oral contract by which plaintiff agreed that she would not enter any suit upon the note sued upon until on and after October 20, 1915, and by which plaintiff extended the time for the payment of said note to said October 20, 1915, all of which was for a valuable consideration passing between said parties.

The defendant, Claude D. Beck, filed an eighth paragraph of separate answer in which he alleges that he executed the note as surety only for defendants, O. C. O'Dell and Lillie O'Dell.   That he received no consideration for the execution of said note.   That said note represents money loaned to said defendants, Ora C. O'Dell and Lillie O'Dell by plaintiff.   That at the time of the execution of said note, the plaintiff knew that he was surety only.   He further says that the principals paid a portion of interest on said note but did not pay the interest in full and had paid no part of the principal.   That in August, 1915, after said note became due, said defendants, Ora C. O'Dell and Lillie O'Dell entered into negotiations with the plaintiff for the extension of the time of payment on said note sued on. That it was agreed between plaintiff herein and said defendants Ora C. O'Dell and Lillie O'Dell that the plaintiff would accept a new note in payment of the note sued on herein and accumulated interest thereon, which note should be in the sum of $900, dated October 1, 1915, to be paid on or before three years after that date, with interest at six per cent. per annum from date.

That it was agreed by the parties that the $900 note should be a renewal and extension of the $800 note sued on herein and unpaid interest thereon and that said interest would bear interest from date of said new note and that, as a further inducement and consideration for the extension of time, the said Ora C. O'Dell and Lillie O'Dell agreed to execute a written assignment of all the interest of said Ora C. O'Dell in and to the estate and property of E. A. O'Dell, mother of Ora C. O'Dell, who was then living and who owned real estate and personal property of considerable value, located in Carroll County, Indiana. It was further agreed that defendant Ora C. O'Dell should maintain all the life insurance which he then had on his life and assign the same to the plaintiff herein and grant the plaintiff herein a lien on such life insurance and all other property which he might have and also the interest of defendant Lillie O'Dell as additional security on said note. That Ora C. O'Dell then had in full force on his life policies of insurance in solvent companies, amounting to about $4,000, on which the premiums had been kept fully paid and which had been in force five or six years. A contract to this effect was executed in writing by Ora C. O'Dell and Lillie O'Dell, dated September 13, 1915; at the same time the defendants, Ora C. O'Dell and Lillie O'Dell, executed their promissory note dated October 1, 1915, in the sum of $900 payable three years afterward to Luella O'Dell, which note bore interest at six per cent. per annum from date. That said defendant Ora C. O'Dell and his wife, Lillie O'Dell, gave and delivered said written instrument as aforesaid and said promissory note executed by them as aforesaid to plaintiff herein, which written note was received and accepted by plaintiff herein as full settlement for the note sued on. This defendant alleges that he had no knowledge of the making of said contract between plaintiff

and said defendants nor of the execution or making of said new note for $900, nor of the extension of time of payment of said note as aforesaid and never consented to the same, either directly or indirectly; that he did not learn of said arrangement or any part thereof until after the commencement of this action.

A demurrer severally interposed to the sixth, seventh, and eighth paragraphs of the separate answer of appellant was sustained as to the sixth and seventh and exceptions taken. The demurrer to the eighth paragraph of answer was overruled and appellee Ella O'Dell filed a reply in general denial. Appellant Claude D. Beck then filed a cross complaint against all of the appellees, alleging that he executed the note sued on as surety only. The appellees filed answer in general denial to this cross-complaint. The case was then at issue on the complaint, the first, second, third, and fourth paragraphs of several answers and replies thereto, and the eighth paragraph of separate answer of appellant and reply thereto and upon appellant's cross-complaint and answer in general denial thereto. The cause was submitted to a jury upon the issues so formed. At the conclusion of the evidence appellee Ella O'Dell moved the court to direct the jury to return a verdict in her favor, which motion was sustained by the court, to which appellant and his codefendants separately and severally excepted. The court gave the following instruction, requested by the plaintiff, appellee Ella O'Dell: Instruction No. 1: "Gentlemen of the jury, you are instructed to return a verdict in this case in favor of plaintiff against the defendants, Ora C. O'Dell, Lillie O'Dell and Claude D. Beck and assess the amount of her recovery at the full amount of the principal and interest due on the note and the attorneys' fees proven by the evidence, which amounts to $1063.60, principal and interest on the note sued on and $213 attorneys'

fees." To the giving of which instruction, appellant at the time excepted.

Upon the giving of said peremptory instruction, the jury returned a verdict in favor of appellee Ella O'Dell against all the defendants for the amount specified in said instruction, which verdict is as follows: "We, the jury, find for the plaintiff as against the defendants, Ora C. O'Dell, Lillie O'Dell, and Claude D. Beck, and assess her recovery at $1,063, principal and interest of the note sued on and the further sum of $213 attorneys' fees."

The defendants filed their motion for a *venire de novo* which, omitting the caption, is as follows: "Defendants, Ora C. O'Dell, Lillie O'Dell and Claude D. Beck hereby separately and severally move the court for a venire de novo in said cause on the following grounds, to wit: The verdict of the jury does not cover all the issues of the case, the verdict of the jury does not cover or include the issue of suretyship formed by the cross-complaint of Claude D. Beck, and answer thereto."

Thereafter on the same day appellant filed his motion for a new trial. The court overruled the motion for a *venire de novo*, to which ruling, the defendants separately and severally excepted, and also overruled the motion for a new trial, to which ruling appellant excepted. The court then rendered judgment on the verdict as follows: "It is, therefore, ordered, adjudged and decreed that the plaintiff have and recover of and from the defendants, Ora C. O'Dell, Lillie O'Dell and Claude D. Beck, upon the note sued on the sum of $1299.36. * * *"

This appeal is prosecuted from said judgment. The errors relied upon for reversal are: the sustaining of the demurrer to appellant's sixth paragraph of separate answer; the sustaining of the demurrer to appellant's seventh paragraph of separate answer; overruling

the motion of appellant and his codefendants for a *venire de novo;* overruling a separate motion of appellant for a new trial; the principal assignment of which was the giving by the court of a peremptory instruction in favor of plaintiff, appellee Ella O'Dell. The appellant contends that there was some evidence in support of his defense and that, in such case, even though the evidence be slight, it is error for the court to direct a verdict.

The evidence discloses certain negotiations concerning a new note and the giving of the new note in payment of the note sued on, and it is the contention of appellant that whether or not these negotiations amounted to an agreement for extension of time for the payment of the note sued on was a question which should have been submitted to the jury for decision. The appellant also claims that the evidence as to the amount of attorneys' fees properly recoverable on the note sued on was conflicting and that the court, in directing the jury to include in their verdict $213 for attorneys' fees, erred.

We will first consider the demurrers sustained to appellant's sixth and seventh paragraphs of separate answer. The appellant's sixth paragraph of

1. separate answer is based on a written agreement which is set out in said answer, and it is alleged that said contract extended the time for the payment of the note sued on; that it was based upon a good and valuable consideration; that the agreement was executed by the defendants Ora C. O'Dell and Lillie O'Dell and C. E. O'Dell; that the said C. E. O'Dell was the husband of plaintiff herein and transacted all of her business; that the plaintiff had full knowledge at the time of the execution of said contract that he was surety only on said note, and that he did not learn of the execution of said agreement until the beginning of this

suit. It affirmatively appears on the face of the said contract that it is not an agreement for the extension of the time of payment of the note to any definite period; that there was no agreement or contract on behalf of the plaintiff for the extension of the time for the payment of said note and because it further appears from said written instrument that there was no consideration for the execution of said written agreement.

In the case of *Holmes* v. *Boyd* (1883), 90 Ind. 332, the court said, "a contract for forbearance in suing upon a promissory note, or other similar instrument, in writing, after it has become a binding obligation upon the makers, must be upon some new consideration. This rule applies not only to cases in which the rights of sureties are affected, but extends to all contracts of that character. A distinct and adequate consideration is an essential requisite in all contracts of forbearance to sue."

In *Smith* v. *Boruff* (1881), 75 Ind. 413, it is held that where a party is legally bound to do a thing, as to enter satisfaction of a mortgage when payment has been made, a promise made to induce him to do it is without consideration. See, also, *Reynolds* v. *Nugent* (1865), 25 Ind. 328.

In *Ford* v. *Garner* (1860), 15 Ind. 298, it is held that, where one was already liable to pay the defendants, her promise to pay it out of a particular fund imposed no additional obligation upon her. It was not error to sustain a demurrer to this paragraph of answer.

The seventh paragraph of separate answer of appellant sets up the same contract but alleges that said written contract is incomplete and that concurrent

2.   therewith, as a part of said contract, and supplemental thereto, plaintiff and said defendants Ora C. O'Dell and Lillie O'Dell entered into an oral con-

tract by which plaintiff agreed that she would not enter any suit upon the note sued upon until on or after October 20, 1915, and by which plaintiff extended the time of the payment of said note to October 20, 1915, all of which was for a valuable consideration passing between said parties. The alleged oral supplementary contract, it appears, expressly contradicts the terms of the written contract. The note sued on was a several obligation of defendant Beck, and it appears affirmatively from the writing set up in said paragraph of answer and made a part thereof that said written contract is complete within itself and contains no obligatory agreement on the part of the plaintiff to extend the time of the payment of the note sued on to any definite time in the future and shows that the alleged contract for the extension of time for the payment of the note was not supported by any consideration.

In *Alexander* v. *Capitol Lumber Co.* (1914), 181 Ind. 527, it is held that an extension of time which will release a surety must be for a definite period for a valuable consideration and granted without the consent of the surety by the holder with knowledge of the suretyship. It is further held, in said case, that while a written contract should furnish the medium of its own interpretation when unambiguous, where it is doubtful or ambiguous, the circumstances, situation of the parties, conditions under which it was entered into may be shown by parol to enable the court to interpret it, but not for the purpose of contradicting, extending or enlarging its terms. The demurrer to this paragraph of answer was correctly sustained.

The motion of appellant and his codefendants for a *venire de novo* is upon the grounds that the verdict of the jury does not cover all the issues of the case, in that the verdict of the jury does not cover or include the issue of suretyship formed

3, 4.

by Claude D. Beck in the cross-complaint and answer thereto. This cross-complaint setting up the suretyship of the appellant is founded on §1269 Burns 1914, §1212 R. S. 1881, which is as follows: "When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of suretyship to be tried and determined upon the issues made by the parties at the trial of the cause, or at any time before or after the trial or at a subsequent term; but such proceedings shall not affect the proceedings of the plaintiff."

This statute gave to the appellant the right to have the matter determined at the time of the trial of the main cause or at any time before or after the trial or at a subsequent term. The existence of the judgment in favor of the plaintiff and against the defendants on the note in suit did not in any way interfere with appellant's right to determine the question of suretyship. In support of his position, appellant cites *Bosseker* v. *Cramer* (1862), 18 Ind. 44, where the court quotes from 2 Tidd's Practice, 922, as follows: " 'A *venire de novo* is granted when the verdict, whether general or special, is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages.' " He also refers us to *Maxwell* v. *Wright* (1903), 160 Ind. 515. These authorities are not applicable to the instant case, because, in the instant case, the verdict covers all issues between the plaintiff and the defendants in the cause. The plea of suretyship put in by appellant does not affect the issue between plaintiff and defendants on the note.

In *Smith* v. *Muncie Nat. Bank* (1867), 29 Ind. 158, it is held that the fact that a defendant is surety upon

a note or bill is no defense to the action and should not delay the plaintiff's proceedings. The issue made by any averment of this fact is between the surety and his principal.

In *Joyce* v. *Whitney* (1877), 57 Ind. 550, it is held that the complaint of one defendant against another to establish the alleged suretyship of the former is not a mere cross-complaint but a new and original proceeding which cannot be tried upon the issue of the plaintiff. See, also, *Knopf* v. *Morel* (1887), 111 Ind. 570; *Houston* v. *Bruner* (1872), 39 Ind. 376; *Dodge* v. *Dunham* (1872), 41 Ind. 186; *Baldwin* v. *Webster* (1879), 68 Ind. 133. The trial court did not err in overruling the motion for a *venire de novo*.

The next question arises upon the giving of a peremptory instruction to the jury to find for the plaintiff.

An instruction to return a verdict in favor of one of the parties to an action can only be justified when there is no evidence which would sustain a different verdict. *Weis* v. *City of Madison* (1881), 75 Ind. 241, 39 Am. Rep. 135; *Purcell* v. *English* (1882), 86 Ind. 34, 44 Am. Rep. 255; *Overton* v. *Indiana, etc., R. Co.* (1891), 1 Ind. App. 436; *Hodge* v. *Farmers' Bank* (1893), 7 Ind. App. 94; *Jackson, Rec.,* v. *Mauck* (1920), 189 Ind. 262, and cases there cited; *Harbison* v. *Boyd* (1911), 177 Ind. 267; *Wolf* v. *McMillan* (1889), 117 Ind. 587.

In this case, the issue was made upon the complaint and the first, second, third and fourth paragraphs of answer of the defendants and the eighth paragraph of separate answer of the appellant. The first paragraph of answer was a general denial. The plaintiff introduced the note in suit and introduced some evidence on the amount of attorney's fees. No evidence was introduced by the defendants to sustain their second and third paragraphs of answer. Their

fourth paragraph of answer was the same, in substance, as the eighth paragraph of separate answer of appellant, in which it is alleged that a new note was given in payment of the note sued on. The evidence regarding that discloses that certain negotiations concerning a new note were had and the giving of a new note in payment of the note sued on. It is the contention of appellant that whether or not these negotiations amounted to an agreement for extension of the time for the payment of the note sued on was a question which should have been submitted to the jury for decision. From the testimony of O. C. O'Dell, one of the defendants, we learn that in a letter dated September 8, 1915, signed by C. E. O'Dell, husband of the plaintiff, he notified the defendant O. C. O'Dell, that the plaintiff would not accept the contract which had been discussed by them during the month of August of that year. Notwithstanding that notice, O. C. O'Dell and Lillie O'Dell, his wife, executed the agreement on September 13, 1915, and the note named in the said agreement, dated October 1, 1915, for $900, and mailed them to plaintiff's husband. This was the same agreement and note discussed by them the preceding August. The witness testified that he understood, by the letter of September 8, 1915, written by plaintiff's husband, that the plaintiff was refusing to carry out the contract; that he never received any word after that that they would accept the contract. The evidence, therefore, is uncontradicted that the plaintiff never accepted the contract and note referred to in the fourth paragraph of joint answer and in the eighth paragraph of appellant's separate answer. To effect the release of the surety there must have been not only the execution by the appellees, Ora C. O'Dell and Lillie O'Dell of the note and contract mentioned, but it must have been accepted by plaintiff, Ella O'Dell. It is not the

MAY TERM, 1923.                    399

Columbus Gas, etc., Co. v. Public Service Comm.—193 Ind. 399.

agreement to accept but the actual acceptance that effects the release of the surety on the original note. *Whyte* v. *Rosencrantz* (1899), 123 Cal. 634, 56 Pac. 436, 69 Am. St. 90.

We find no evidence in the record sustaining the affirmative allegations of the answers of the defendants and of the separate answer of appellant.

The general denial to the complaint raises the question of the amount of a reasonable attorney's fee. The evidence as to the amount of such fee was conflicting. The appellant has a right to have it submitted to the jury, and the refusal of the court to do so was error. However, it is conceded by appellant that the evidence is sufficient to sustain a finding that the attorney's services were worth $100. The court directed the jury to return a verdict for $213, attorney's fees. If appellee will enter a remittitur of $113, of the amount allowed as attorney's fees within 30 days from this date, as of the date of the judgment, in the court below, and procure the same to be certified to this court, the judgment will be affirmed at his costs, otherwise it will be reversed, with instructions to sustain appellant's motion for a new trial.