STATE EX REL. ENSLEY ET AL. *v.* SUPERIOR COURT OF MARION COUNTY, ROOM NO. 1.

[No. 29,764. Filed June 16, 1959.]

*Frederick J. Capp, Robert A. Claycombe* and *Claycombe & Claycombe,* of counsel, all of Indianapolis, for relators.

*Edwin K. Steers,* Attorney General and *Richard M. Givan,* Deputy Attorney General, for respondent.

*Edwin K. Steers, William G. Davis, Karl J. Stipher* and *Earl Clay Ulen, Jr.,* all of Indianapolis, *amicus curiae.*

ARTERBURN, J.—This is an original action asking for a writ of mandate. We denied the alternative writ.

This case has its origin in a condemnation suit filed on April 14, 1958 in the Superior Court of Marion County, Room No. 1, Cause No. C-33491. The State of Indiana in that action condemned for highway purposes a right of way in a 25 foot wide strip of land containing approximately seven-tenths (7/10) of an acre. The defendants therein were the relators, Jack R. Ensley and Beni Ensley, alleged owners of the land, the College Life Insurance Company, an alleged mortgagee, and Howard W. Fieber, alleged holder of a first refusal option agreement covering the condemned land and land adjoining the same. All parties were served with proper notice of the filing of the condemnation action. In due course appraisers were appointed by the court and their assessment of damages was made and filed. On May 28, 1958 both the State and the relators, Ensley and Ensley, filed exceptions to the appraisers' report.

On September 30, 1958—over four months after the ten-day period had expired within which exceptions to the appraisers' report could be filed under the statute—the relators filed a paper entitled "Amended exceptions to appraisers' report". In the "amended ex-

ceptions" it was alleged that Howard W. Fieber, as holder of an option on said real estate, had no right or interest therein and his option contract was no longer in effect. Fieber was given no notice of the filing of the "amended exceptions" contesting his title and interest in said property. On the same day the "amended exceptions" were filed, the Superior Court entered a default judgment holding that the interest of Fieber was invalid and void. On October 14, upon motion filed by Fieber and served upon the relators, Ensley and Ensley, the Superior Court expunged the default judgment. The relators, Ensley and Ensley, thereafter sought a reinstatement of the alleged default judgment, which was denied by the court. As part of the relief in this original action, the relators ask that the trial court be directed to set aside and expunge the order which set aside and expunged the default judgment holding that Fieber had no interest in the real estate and his option was void.

The relators urge that "The Court did not have the power or authority to set aside the default judgment obtained by Relators against Howard W. Fieber on September 30, 1958, the Court acted without its jurisdiction in so doing,". The relators claim that Howard W. Fieber was duly served with notice originally in the condemnation proceedings and that he is bound by all the adjudications that take place therein. As between the plaintiff and the State in the condemnation action on the one hand and Fieber, as a defendant therein, that is true. Nevertheless, it does not follow in a cross-action or claim between co-defendants (in the same suit) in which the plaintiff has no interest, that the notice given by the plaintiff would bind a co-defendant as to a claim by another co-

defendant against him, without notice of such claim which was not set up in the original complaint.

The respondent here claims that the default judgment entered against Fieber is a nullity and absolutely void because it lacks any notice to him or service of process upon him by the relators, Ensley and Ensley, and there are authorities to support this viewpoint.

The situation here is analogous to that where a suit is brought by a principal against two or more defendants upon a contract where a question of suretyship arises between them. Although the statute permits the issue between the co-defendants to be determined in the same action, we have held that that issue does not concern the principal and that it is purely a contest between the defendants. Burns' 1946 Repl. §3-2503; *Smith* v. *The Muncie National Bank* (1867), 29 Ind. 158; *Callahan* v. *Mitchell* (1868), 29 Ind. 418; *Beck* v. *O'Dell* (1923), 193 Ind. 386, 140 N. E. 527.

In *Fletcher* v. *Holmes* (1865), 25 Ind. 458, 465, 466, we said:

". . . In those courts, when a defendant sought relief against a co-defendant, as to matters not apparent upon the face of the original bill, he must file his cross-bill, alleging therein the matters upon which he relied for relief, making defendants thereto of such co-defendants and others as was proper, and process was necessary to bring them in. The filing of the cross-bill was regarded in some sense as the commencement of a new suit."

In *Joyce et al.* v. *Whitney et al.* (1877), 57 Ind. 550, 557, we said in a similar case:

" . . . But it will not do to say, that, on a summons issued and served in an action on the contract, upon the filing of a complaint by one of the defendants as surety in such contract, the other defendants can at once be defaulted as to such complaint, without any notice whatever thereof.

This point was settled, by this Court, in the case of *Fletcher* v. *Holmes*, 25 Ind. 458. And, upon the point now under consideration, the doctrine of the case cited, it seems to us, ought never to have been doubted nor questioned by this court, in any case, where the matter set up in the cross-complaint *was not apparent in the original complaint."* (Our italics)

The validity of the option contract held by Fieber was not in issue under the original complaint filed. It was first attempted to be put in issue by the filing of "amended exceptions" to the appraisers' report. It was an issue solely between the Ensleys and Fieber. He had no notice of this new issue raised in effect by an attempted cross-action between two co-defendants.

The principles enumerated in the early cases cited above have since been followed by this court, holding that a judgment taken by default is void, if it is an attempted adjudication of a claim outside the issues raised by the complaint and one between co-defendants where there was no service of process nor an appearance to the cross-complaint. *Voss* v. *Lewis* (1890), 126 Ind. 155, 25 N. E. 892; *Bartmess* v. *Holliday* (1901), 27 Ind. App. 544, 61 N. E. 750; Restatement of the Law, (1942), Judgments, §5, comment g., and §8, comment c.

A further weakness in relators' position before us is that the record shows that the "amended exceptions", which first raised the issue as to the validity of Fieber's option contract with the Ensleys, was not filed within the ten days' time fixed by the statute for filing exceptions. On the other hand, the original exceptions to the appraisers' report which were filed within the statutory ten-day period did not question Fieber's alleged interest. We thus have a claim made by co-defendants Ensleys against Fieber filed beyond the

statutory period within which not even exceptions directed to the appraisers' report could have been filed. *Groover* v. *State* (1959), 239 Ind. 271, 156 N. E. 2d 307.

The issue presented by this "amended exceptions" was one in which the plaintiff who brought the action had no interest, and was solely between co-defendants. Fieber was defaulted without notice or service of process on him as to the new issue.

If a plaintiff may not amend a complaint so as to introduce a new cause of action or enlarge upon the size of the claim after service of process and the failure of the defendant to appear, then it certainly follows that a co-defendant has no right to amend a pleading so as to introduce a new issue solely between co-defendants and take a default judgment thereon, without any notice of such amendment to the defendant against whom the default is taken. *Old* v. *Mohler* (1889), 122 Ind. 594; *May and Another* v. *The State Bank* (1857), 9 Ind. 233; *Bash et al.* v. *Van Osdol et al., Administrators* (1881), 75 Ind. 186; 17 I. L. E., Judgment, sec. 93, p. 212; 49 C. J. S., Judgments, sec. 194, p. 340.

The trial court acted properly in setting aside the void default judgment against Fieber as soon as its attention was called to the error.

Involved in this original action is also the claim of relators that after a jury verdict and a judgment in their favor in the sum of $127,733.00, they were entitled to have that sum immediately paid to them by the State of Indiana, or the possession of the real estate returned to the relators.

We have to a large extent disposed of this question in the case of *State etc.* v. *Marion Cir. Ct. etc.* (1959), 239 Ind. 327, 157 N. E. 2d 481. That case involved the same condemnation action with which we are concerned

here. In that case the Ensleys sought by a separate action to secure the possession and return of the real estate pending an appeal by the State of Indiana from the judgment, the Ensleys claiming that the failure of the State to make the payment entitled them to the possession. We there quoted with approval from the case of *Lake Erie and Western Railway Company* v. *Kinsey* (1882), 87 Ind. 514, which stated:

> "When the compensation has been *finally fixed on appeal,* then the corporation must pay or tender the compensation so fixed, and on failure to do so it acquires no title to the land, . . ." (Our italics)

and we made the following comment:

> "Reading the Eminent Domain Act as a whole it appears to us that it was the intention of the legislature to expedite such proceedings by turning the possession over to the condemnor upon payment of the appraisal and pending any future litigation in the case. It does not warrant an interpretation which would create a complicated system under which the possession would vacillate between the parties pending the litigation."

We find no authority in the common law or the statute which would compel the State of Indiana in a condemnation action to pay the amount of the judgment pending an appeal therefrom.

Constitution of Indiana, Article 1, §21, provides:

> "§21. Compensation for services or property. - No man's particular services shall be demanded, without just compensation. No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

During the time the relators are deprived of the use or their property it has been held that they are entitled to interest on the damages awarded to the extent that they did not have the use of either the property or the money awarded. *Schnull* v.

*Indianapolis, etc. R. Co.* (1921), 190 Ind. 572, 131 N. E. 51.

The further and final contention made by the relators in this action is that the court has a duty to grant the relators a hearing on a motion filed to apportion costs, which should include expert witness fees, preparation of exhibits and attorney fees incurred by the relators in defense of the condemnation action, and that the same should be assessed against the State of Indiana.

The record shows in this case that on December 10, 1958 the court made the following entry: "Defendants' Jack R. Ensley and Beni Ensley motion to apportion costs overruled". Therefore, relators' prayer herein that we mandate the court to act upon said motion is moot.

We are without power by mandamus to direct a trial court specifically how it should rule on such a motion or to predetermine its decision. If it errs, that is a matter to be considered on appeal. *State ex rel. Beatty* v. *Nichols, Sp. J.,* (1954), 233 Ind. 432, 120 N. E. 2d 407; *State ex rel. Steers, etc.* v. *Hancock Cir. Court, etc.* (1953), 232 Ind. 384, 112 N. E. 2d 855.

The permanent writ of mandate is denied.

Achor, C. J., Jackson, Bobbitt and Landis, JJ., concur.

Note.—Reported in 159 N. E. 2d 115.